**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Michelle D. Butler, | ) | No. CV-09-2536-PHX-DGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Michael J. Astrue, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff Michelle Butler applied for disability insurance benefits on February 10, 2005, claiming to be disabled since July 19, 2004. Doc. 23, Tr. 118, 125. The application was denied. Tr. 106-13. A hearing before an Administrative Law Judge ("ALJ") was held on April 30, 2007. Tr. 46-87. The ALJ issued a written decision on July 26, 2007, finding Plaintiff not disabled within the meaning of the Social Security Act. Tr. 15-26. This decision became Defendant's final decision when the Appeals Council denied review. Tr. 3-6. Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c). Doc 1. For reasons that follow, the Court will reverse Defendant's decision and remand the case for an award of benefits.

**I.    Standard of Review.**

The Court has the "power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The

Commissioner's decision to deny benefits "should be upheld unless it is based on legal error or is not supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). In determining whether the decision is supported by substantial evidence, the Court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Id.*

**II.   Analysis.**

Whether a claimant is disabled is determined using a five-step evaluation process. To establish disability, the claimant must show (1) she is not currently working, (2) she has a severe impairment, and (3) her impairment meets or equals a listed impairment or (4) her residual functional capacity ("RFC") precludes her from performing her past work. At step five, the Commissioner must show that the claimant is able to perform other work. 20 C.F.R. § 404.1520.

Plaintiff has met her burden. She has not worked since the alleged disability onset date. Tr. 17, ¶ 2. She has multiple severe impairments: lumbar degenerative disc disease, status post spinal fusion, fibromyalgia, history of lupus, seizure disorder, major depressive disorder, and pain disorder. Tr. 17, ¶ 3. While those impairments do not meet or equal a listed impairment (Tr. 17-18, ¶ 4), they do preclude Plaintiff from performing her past work as a senior claims examiner and benefits coordinator (Tr. 24, ¶ 6). At step five, the ALJ concluded that Plaintiff is not disabled because she has the RFC to perform light work with certain limitations. Tr. 18-24, ¶ 5.

Plaintiff argues that the ALJ erred in determining RFC (Doc. 17 at 27-29), failed to properly weigh medical source opinions (*id.* at 29-38), failed to properly evaluate her credibility and daily activities (*id.* at 38-42), ignored the testimony of her mother (*id.* at 42-43), and failed to resolve conflicts between the dictionary of occupational titles and vocational expert testimony (*id.* at 43-45). Defendant contends that the ALJ did not err and her decision is supported by substantial evidence. Doc. 18. After careful review of the record, the parties' briefs, and relevant legal authority, the Court finds the ALJ's decision to be rife with error and unsupported conclusions.

### A. RFC Determination.

RFC is the most a claimant can do despite her physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). Before determining RFC, the ALJ must "first identify the individual's functional limitations or restrictions and assess [her] work-related abilities on a function-by-function basis[.]" SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). Only after an appropriate function-by-function assessment "may RFC be expressed in terms of the exertional levels of work[.]" *Id.*; *see Reed v. Massanari*, 270 F.3d 838, 843 n.2 (9th Cir. 2001); *Washnieski v. Astrue*, No. 07-CV-598, 2008 WL 3981987, at *6 (E.D. Wis. Aug. 22, 2008) ("Under SSR 96-8p, the ALJ must find the claimant's functional limitations on a function-by-function basis *before* determining the RFC."). This sequential evaluation process is important because absent "careful consideration of an individual's functional capacities to support an RFC assessment based on an exertional category, the [ALJ] may . . . overlook limitations or restrictions that would narrow the ranges and types of work an individual may be able to do[.]" SSR 96-8p, at *4. Failure to perform a function-by-function assessment ultimately "could make the difference between a finding of 'disabled' and 'not disabled.'" *Id.*

The ALJ failed to perform a function-by-function assessment of Plaintiff's work-related abilities before determining her RFC in terms of the exertional level of work, that is, the ability to perform a range of light work (Tr. 18, ¶ 5). That failure renders the ALJ's "decision susceptible of the errors described in SSR 96-8p." *Edwards v. Astrue*, No. 07-2157-KHV, 2008 WL 1766948, at *8 (D. Kan. Apr. 15, 2008); *see Washnieski*, 2008 WL 3981987, at *6 ("the ALJ erred by failing to conduct a function-by-function assessment of Washnieski's abilities"); *Shafer v. Astrue*, 518 F.3d 1067, 1070-72 (9th Cir. 2008) (the Commissioner is not substantially justified in defending the ALJ's erroneous determination of RFC in terms of exertional categories of work instead of on a function-by-function basis).

Defendant asserts that a functional assessment is implicit in the ALJ's finding that Plaintiff can perform light work, but SSR 96-8p requires more than implicit findings. The ALJ "must *discuss* the individual's ability to perform sustained work activities in an ordinary

1 work setting on a regular and continuing basis . . . and *describe* the maximum amount of each 2 work-related activity the individual can perform[.]"  SSR 96-8p, at *7 (emphasis added). 3 Merely citing the regulation defining exertional categories of work "is insufficient to fulfill 4 the function-by-function and narrative requirements under SSR 96-8p." *Sharma v. Astrue*, 5 No. C 07-4906 MEJ, 2008 WL 4540992, at *6 (N.D. Cal. Oct. 6, 2008).

6 **B.    Lay Witness Testimony.**

7 "In determining whether a claimant is disabled, an ALJ must consider lay witness 8 testimony concerning a claimant's ability to work." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 9 F.3d 1050, 1053 (9th Cir. 2006); *see* 20 C.F.R. §§ 404.1513(d)(4), 404.1545(a)(3).  Indeed, 10 because statements from family members may provide insight into the severity of the 11 impairments and how they affect the claimant's ability to function, *see* SSR 06-03p, 2006 12 WL 2329939, at *2 (Aug. 9, 2006), such statements constitute "'competent evidence and 13 therefore *cannot* be disregarded without comment.'"  *Stout*, 454 F.3d at 1053 (quoting 14 *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996)); *see Lewis v. Apfel*, 236 F.3d 503, 15 511 (9th Cir. 2001) (the ALJ must consider lay witness testimony unless she "expressly 16 determines to disregard such testimony and gives reasons germane to each witness for 17 doing so").

18 Plaintiff's mother, Lynda Butler, completed a report describing how Plaintiff's 19 impairments limit her ability to function.  Consistent with Plaintiff's hearing testimony 20 (Tr. 52-65), Ms. Butler stated that her daughter engages in only minimal daily activities due 21 to the severity of her physical and mental impairments (Tr. 162-68).  The ALJ committed 22 reversible error in failing to consider this evidence. *Stout*, 454 F.3d at 1056 ("[W]e, along 23 with our sister circuits, have consistently reversed the Commissioner's decision for failure 24 to comment on [lay witness] testimony."); *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 25 1996) ("Disregard of the testimony of friends and family members violates 20 C.F.R. § 26 404.1513[.]").

27 Defendant asserts that the error is harmless because the testimony of Plaintiff's mother 28 can be discounted for the same reasons the ALJ rejected Plaintiff's own testimony.  Doc. 18

- 4 -

at 16. But the ALJ, not this Court, "is required to provide specific reasons for rejecting lay testimony." *Stout*, 454 F.3d at 1054. Indeed, the Court "cannot affirm the decision of [the ALJ] on a ground that the [ALJ] did not invoke in making [her] decision." *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001). The Court cannot "confidently conclude that no reasonable ALJ, when fully crediting the testimony [of Plaintiff's mother], could have reached a different disability determination." *Stout*, 454 F.3d at 1056. The ALJ's error, therefore, was not harmless. *See id.*; *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006).

**C.  Medical Source Opinions.**

Dr. Carolyn Pace, a treating physician, provided a letter stating that she believes Plaintiff is completely and permanently disabled. Tr. 379. Treating physician Angelo Chirban completed a medical assessment of Plaintiff's ability to do work-related activities. He opined, among other things, that Plaintiff is able to sit, stand, and walk less than 2 hours in an 8-hour workday and lift and carry 10 pounds occasionally. Tr. 332-34. Plaintiff argues that the ALJ erred in rejecting those medical opinions. She is correct with respect to the opinion of Dr. Chirban.

The ALJ need not accept the opinion of any medical source, including a treating source, "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *see Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The opinion of Dr. Pace is set forth in a brief letter without explanation. The ALJ did not err in finding her opinion to be "quite conclusory." Tr. 23.

Dr. Chirban, however, provided specific opinions as to Plaintiff's work-related abilities and RFC, and those opinions were based on medical findings that Plaintiff suffers from lumbar degenerative disc disease, fibromyalgia, and lupus. Tr. 332-34. As Plaintiff's treating physician, Dr. Chirban is "employed to cure and has a greater opportunity to know and observe [Plaintiff] as an individual." *McCallister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989). His opinions regarding the severity of Plaintiff's impairments are therefore entitled to "special weight," and if the ALJ chooses to disregard them, she must, at a minimum,

1 "'set forth specific, legitimate reasons for doing so, and this decision itself must be supported
2 by substantial evidence.'" *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988)) (quoting
3 *Cotton v. Bowen*, 799 F.2d 1403, 1408 (1986)). The ALJ can meet this burden "by setting
4 out a detailed and thorough summary of the facts and conflicting clinical evidence, stating
5 [her] interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th
6 Cir. 1998) (citing *Embrey*, 849 F.2d at 421).

7 The ALJ rejected Dr. Chirban's opinions on the ground that "[t]he course of treatment
8 pursued by [him] is not what one would expect if the claimant were truly disabled as the
9 claimant and the doctors have alleged[.]" Tr. 23  But the ALJ does not identify the missing
10 treatment, nor does she explain why the treatment Plaintiff did receive fails to support
11 Dr. Chirban's opinions on Plaintiff's functional limitations.

12 The ALJ asserts that "it appears that [Dr. Chirban] relied quite heavily on the
13 subjective report of symptoms and limitations, provided by the claimant, and seemed to
14 uncritically accept as true most, if not all, of what the claimant reported." Tr. 23. No
15 evidence is cited in support of this assertion.

16 The ALJ notes (Tr. 23-24) that Dr. Chirban's opinions are significantly inconsistent
17 with the opinion of no disabling limitation offered by physician's assistant Peter Tretheway
18 (Tr. 273). But the ALJ does not explain why the conclusory opinion of Mr. Tretheway, who
19 is not an "acceptable medical source," *see* 20 C.F.R. 404.1513(a), should be credited over
20 that of Plaintiff's treating physician. When an ALJ "determines that an opinion from an
21 ['other source'] is entitled to greater weight than a medical opinion from a treating source,
22 the [ALJ] must explain the reasons in the notice of decision." SSR 06-03p, 2006 WL
23 2329939, at *6 (Aug. 9, 2006).

24 To properly reject Dr. Chirban's opinions about Plaintiff's work-related abilities,
25 the ALJ must do more than offer her own conclusions. She must set forth her own
26 "interpretations and explain why they, rather than [the treating physician's], are correct."
27 *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). The ALJ has failed to provide the requisite
28 "detailed, reasoned, and legitimate rationales for disregarding [Dr. Chirban's] findings."

1   *Embrey*, 849 F.2d at 422. Her rejection of his opinions was erroneous.

2   Dr. James Huddleston, a licensed psychologist, examined Plaintiff in October 2005 3   at the request of the state agency. Tr. 299-309. He completed a medical assessment of 4   Plaintiff's ability to do work-related activities, opining, among other things, that Plaintiff was 5   moderately limited in her ability to understand, remember, and carry out detailed instructions, 6   to maintain attention and concentration for extended periods, to perform activities within a 7   schedule, maintain regular attendance, and be punctual, to complete a normal workday and 8   workweek, to interact appropriately with the general public, to accept instructions and 9   respond appropriately to criticism, and to get along with coworkers. Tr. 306-09. Plaintiff 10  argues that the ALJ erroneously rejected Dr. Huddleston's opinion. Doc. 17 at 37-38. 11  Defendant does not address this argument.

12  The ALJ rejected all functional limitations identified by Dr. Huddleston on the ground 13  that they are "somewhat inconsistent" with the information provided in his narrative report. 14  Tr. 21-22. The only example the ALJ gives is that "although formal assessment of memory 15  revealed no weaknesses in immediate or short-term memory, Dr. Huddleston concluded 16  that the claimant had only a fair ability to remember locations and work like procedures." 17  Tr. 22. But this says nothing about the numerous other functional limitations found by 18  Dr. Huddleston, many of which were also found by the state agency consulting physicians. 19  Tr. 259, 263-64, 295-296. The ALJ asserts that "mental health treatment notes do not fully 20  support the limitations provided by Dr. Huddleston" (Tr. 22), but cites no evidence in support 21  of this assertion. Considering the entire record as a whole, *see Ryan.*, 528 F.3d at 1198, the 22  Court concludes that the ALJ failed to provide legitimate reasons supported by substantial 23  evidence for rejecting Dr. Huddleston's opinion.

24  **III.   Remedy.**

25  The decision to remand for further development of the record or for an award benefits 26  is within the discretion of the Court. 42 U.S.C. § 405(g); *see Harman v. Apfel*, 211 F.3d 27  1172, 1173-74 (9th Cir. 2000). This Circuit has held that an action should be remanded for 28  an award of benefits where the ALJ has failed to provide legally sufficient reasons for

1 rejecting evidence, no outstanding issue remains that must be resolved before a determination
2 of disability can be made, and it is clear from the record that the ALJ would be required to
3 find the claimant disabled were the rejected evidence credited as true. *See, e.g.*, *Varney v.*
4 *Sec'y of HHS*, 859 F.2d 1396, 1400 (9th Cir. 1988).

After applying the credit-as-true rule to improperly discredited evidence, no outstanding issue remains to be resolved before determining that Plaintiff is entitled to benefits. The impartial vocational expert testified that the functional limitations found by Dr. Huddleston, if adopted, would preclude sustained work. Tr. 83-84. Defendant does not disagree with this conclusion. Because it is clear that the ALJ would be required to find Plaintiff disabled, *see Benecke v. Barnhart*, 379 F.3d 587, 593-95 (9th Cir. 2004), the Court will remand the case for an award of benefits. *See Orn v. Astrue*, 495 F.3d 625, 640 (9th Cir. 2007) (remanding for an award of benefits where it was "'clear from the record that the ALJ would be required to determine the claimant disabled'") (citation omitted); *D'Angelo v. Astrue*, No. CV-06-3055-PHX-EHC, 2007 WL 4617186, at *9 (D. Ariz. Dec. 27, 2007) (remanding for an award of benefits where the vocational expert testified that the claimant's limitations would preclude all work). Given this ruling, the Court need not address Plaintiff's arguments that the ALJ failed to properly evaluate her credibility and daily activities and failed to resolve conflicts between the dictionary of occupational titles and vocational expert testimony.

**IT IS ORDERED:**

1. Defendant's decision denying benefits is **reversed**.

2. The case is remanded for an award of benefits.

DATED this 1st day of December, 2010.

*David G. Campbell*
David G. Campbell
United States District Judge

- 8 -